UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

LITTLETON EMMETT JACKSON,

    Plaintiff,

v.                                                   Case No. 17-C-34

SONJA ANDERSON et al.,

    Defendants.

---

## SCREENING ORDER

---

The plaintiff, who is incarcerated at Wisconsin Secure Program Facility (WSPF), filed a *pro se* complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. This matter comes before the court on the plaintiff's petition to proceed *in forma pauperis*.

The plaintiff is required to pay the statutory filing fee of $350.00 for this action. *See* 28 U.S.C. § 1915(b)(1). If a prisoner does not have the money to pay the filing fee, he or she can request leave to proceed *in forma pauperis*. The plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. § 1915(a)(2). The plaintiff has been assessed and paid an initial partial filing fee of $6.33 in this action.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that he is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation

was visited upon his by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Jackson alleges he broke a bone in his face when he dropped the metal bar he was using to exercise. He claims the injury causes severe head pain, vision impairment, pressure against his brain, and the feeling that he is about to have a seizure. Jackson contends that he sought medical attention on multiple occasions from the Health Services Unit (HSU), specifically from Sonja Anderson, Nathan Bethal, Cindy Griffen, and Jolinda Waterman. He claims HSU has not provided him any treatment for the broken bone for more than 15 months and has refused to schedule an x-ray. Jackson also claims he filed an inmate complaint two months after the injury, seeking an answer to why he still had not received an x-ray or treatment. He claims that Inmate Complaint Examiner (ICE) Ellen K. Ray dismissed his complaint and that Warden Gary Boughton affirmed the dismissal, which allegedly contributed to the delayed treatment. Finally, Jackson asserts that HSU's failure to provide medical treatment is a retaliatory response to an inmate complaint he filed against Anderson alleging that she forged his signature to pay for an HSU appointment.

It is well-established that deliberate indifference to the serious medical needs of a person held in custody violates his or her constitutional rights. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Jackson v. Ill. Medi-Car, Inc.*, 300 F.3d 760, 764 (7th Cir. 2002). To establish liability, a prisoner must show (1) that his medical need was objectively serious; and (2) that the official acted with

deliberate indifference to the prisoner's health or safety. *Farmer*, 511 U.S. at 834. A serious medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would recognize the necessity for a doctor's attention." *Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001). Deliberate indifference requires more than negligence; it requires that the official know of, yet disregard, an excessive risk to the inmate's health or safety. *Farmer*, 511 U.S. at 835, 837. Subjective knowledge of the risk is required: "[A]n official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment." *Id*. at 838. At this stage of the proceedings, Jackson has stated an Eighth Amendment claim. Based on the facts stated above, this court cannot say that Jackson's medical condition does not constitute a serious medical need or that prison officials did not demonstrate deliberate indifference to his condition. At this stage of the litigation, Jackson may proceed against Sonja Anderson, Nathan Bethal, Cindy Griffen, and Jolinda Waterman. Jackson may also proceed against Ellen Ray and Warden Gary Boughton based upon Jackson's allegations that Ray and Boughton knew of Jackson's injury yet did nothing at the time.

Jackson also asserts a retaliation claim, seemingly against all parties. To prevail on a First Amendment retaliation claim, Jackson must ultimately show that (1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was "at least a motivating factor" in the defendants' decision to take the retaliatory action. *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009). Jackson alleges that he filed and won an inmate complaint against Anderson for forging his signature to pay for an HSU appointment. He appears to claim that his success on that complaint,

4

along with Anderson "not allowing" him to complain, resulted in the HSU, ICE, and Warden staff ignoring his request for medical attention. The complaint has specified the bare minimum facts necessary to notify the defendants and the court of the nature of Jackson's claim. *See Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002). Accordingly, Jackson may proceed on his retaliation claim.

## **ORDER**

**IT IS THEREFORE ORDERED** that the plaintiff's motion for leave to proceed *in forma pauperis* be and hereby is **GRANTED**.

**IT IS FURTHER ORDERED** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this court, copies of plaintiff's complaint and this order are being electronically sent today to the Wisconsin Department of Justice for service on the state defendants.

**IT IS ALSO ORDERED** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this court, the defendants shall file a responsive pleading to the complaint within sixty days of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prison trust account the $343.67 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

5

**IT IS ALSO ORDERED** that copies of this order be sent to the warden of the institution where the inmate is confined.

**IT IS FURTHER ORDERED** that, pursuant to the Prisoner E-Filing Program, the plaintiff shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is in effect only at **Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correction Institution, and Wisconsin Secure Program Facility**. If the plaintiff is no longer incarcerated at one of these institutions, he will be required to submit all correspondence and legal material to:

> Honorable William C. Griesbach
> **c/o Office of the Clerk**
> United States District Court
> Eastern District of Wisconsin
> Jefferson Court Building
> 125 S. Jefferson St., Rm. 102
> Green Bay, WI 54301

Plaintiff is hereby notified that copies of future documents filed with the court that can be scanned and electronically filed need not be served on the other parties. Copies of documents that the clerk advises cannot be electronically scanned, however, must be provided to the opposing parties or their attorney pursuant to Fed. R. Civ. P. 5(a). Plaintiff should also retain a personal copy of each document.

The plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated this   7th   day of February, 2017.

                                       s/ William C. Griesbach
                                       William C. Griesbach, Chief Judge
                                       United States District Court