# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

LITTLETON EMMETT JACKSON,

    Plaintiff,

v.                                                Case No. 17-C-34

SONYA L. ANDERSON, et al.,

    Defendants.

## ORDER DENYING MOTION TO ALTER JUDGMENT

On January 9, 2017, Plaintiff Littleton Emmett Jackson filed a complaint pursuant to 42 U.S.C. § 1983 alleging that various Defendants were deliberately indifferent to his serious medical need of a purportedly broken bone in his face and that several Defendants retaliated against him after a dispute involving payment of a co-pay. ECF No. 1. On January 16, 2018, Defendants Sonya L. Anderson, Nathan Bethel, Jolinda J. Waterman, and Cindy Griffin filed motions for summary judgment, which this court granted. ECF Nos. 63, 70, 112. On August 29, 2018, the court entered judgment and dismissed the case. ECF No. 113. Before the court is Jackson's Rule 59(e) motion to alter judgment.[1] ECF No. 114. For the reasons set forth below, Jackson's motion will be denied.

Whether to grant a Rule 59(e) motion is "entrusted to the sound judgment of the district court." *In re Prince*, 85 F.3d 314, 324 (7th Cir. 1996). A motion may be granted where "the movant presents newly discovered evidence that was not previously available at the time of trial or if the movant points to evidence in the record that clearly establishes a manifest error of law or fact."

---

[1] Jackson's motion (ECF No. 114) does not challenge the court's judgment regarding Jackson's retaliation claims. As a result, the court will not address the retaliation claims.

*Burritt v. Ditlefsen*, 807 F.3d 239, 252–53 (7th Cir. 2015) (quoting *In re Prince*, 85 F.3d at 324). A "manifest error" occurs when the district court wholly disregards, misapplies, or fails to recognize controlling precedent. *Burritt*, 807 F.3d at 253. Rule 59(e) enables a court to "correct its own errors and thus avoid unnecessary appellate procedures." *Miller v. Safeco Ins. Co. of Am.*, 683 F.3d 805, 813 (7th Cir. 2012) (quoting *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996)). But the rule is "not appropriately used to advance arguments or theories that could and should have been made before the district court rendered a judgment, or to present evidence that was available earlier." *Miller*, 683 F.3d at 813 (quoting *LB Credit Corp. v. Resolution Trust Corp.*, 49 F.3d 1263, 1267 (7th Cir. 1995)).

After reviewing Jackson's motion to alter judgment, the court finds that Jackson has failed to point to evidence that clearly establishes a manifest error of law or fact. Jackson does not offer new issues of law or fact that the court has not previously addressed. ECF No. 112. Rule 59(e) does not allow a party to "advance arguments or theories that could or should have been made before the district court rendered a judgment, or to present evidence that was available earlier," *Miller*, 683 F.3d at 813 (quoting *LB Credit Corp.*, 49 F.3d at 1267), but that is what Jackson attempts to do here. Indeed, Jackson's motion acknowledges that "this time" he will use the proposed findings of fact "instead of the declarations he used last time." ECF No. 114. Because Jackson has not presented new evidence not previously available at the time of trial or pointed to evidence that clearly establishes a manifest error or law or fact, his motion is **DENIED**.

Dated this   10th   day of September, 2018.

    s/ William C. Griesbach
    William C. Griesbach, Chief Judge
    United States District Court